UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

MOSHE GEIGER, : Civil Action No.: 1:20-cv-00402-KPF
                Plaintiff, :
   vs. :
:
EQUIFAX INFORMATION SERVICES, : **STIPULATED**
LLC, EXPERIAN INFORMATION : **CONFIDENTIALITY**
SOLUTIONS, INC., AMERICAN EXPRESS : **AGREEMENT AND**
CO., CITIBANK, N.A., and DISCOVER : **PROTECTIVE ORDER**
BANK, :
:
:
                Defendants. :

------------------------------------------------------x

KATHERINE POLK FAILLA, District Judge:

    WHEREAS, all of the current parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

    1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery

Material to anyone else except as expressly permitted hereunder;

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information;

(b) previously non-disclosed information relating to trade secrets, confidential research, development, technology or other proprietary information;

(c) any information of a personal or intimate nature regarding any individual, including, without limitation information relating to personal income and/or credit history; or

(d) any other category of information given confidential status by this Court after the date of this Order.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel

receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within five business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form

annexed as Exhibit A hereto;

(e)　Any person (other than those identified above) who is indicated as an author or recipient of the Confidential Discovery Material ;

(f)　any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)　any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)　stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)　this Court, including any appellate court, its support personnel, and court reporters.

8.　Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.　This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery

4

Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 9(B) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 9(B) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file a letter motion seeking leave to file the document with redactions or under seal.

11. In the event that any party or non-party bound by this Stipulation intends to disclose, discuss or otherwise refer to any Confidential Discovery Material in open court at any hearing or trial of this action, such person shall inform the Court, the Producing Party and all other parties to this action of its intention to do so and identify the Confidential Discovery Material it intends to disclose. The Producing Party shall then have the opportunity to move orally, or as the Court otherwise directs, that the hearings be held in camera or that the trial or any portion of it be closed to the public because of the potential disclosure of Confidential Discovery Material.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. Thereafter, the objecting party shall first make a good faith effort to resolve such dispute with counsel for the Producing Party. If the objecting party and the Producing Party are unable to resolve the objection, either the objecting party or the Producing Party

may move the Court for an order with respect to the disputed information. If such letter motion is filed, the Producing Party shall have the burden of establishing the confidential nature of the disputed Discovery Material pursuant to the standards set forth herein and the applicable statutes and case law. The Discovery Material shall be treated as Confidential until the Court rules otherwise. If no such letter motion is made, the Discovery Material shall continue to be deemed Confidential .

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute with this Court.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. If a party is served with a subpoena or a court order issued in other litigation or by any governmental entity or officer that compels disclosure of any information or items designated in this action as Confidential that a party has obtained under the terms of this Stipulation and Order, such party shall immediately, but no more than seven (7) days after receiving actual notice of the subpoena or order (and at least two (2) business days before any requested compliance), notify the Producing Party of the pendency of the subpoena, public records request, or order in writing, and shall not produce the Confidential Discovery Material if the Producing Party timely applies for a protective order for such Confidential Discovery Material or otherwise takes timely, appropriate steps to protect the material. It shall be the responsibility of the Producing Party to obtain relief from the subpoena, public records

request or order prior to the due date of compliance.  To give the Producing Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request or order.  Unless otherwise ordered by this Court or other court of competent jurisdiction, materials designated as Confidential shall be treated as information that is not subject to disclosure pursuant to the Freedom of Information Act.  Nothing in this Stipulation and Order requires or is meant to permit a party to disobey a lawful directive from a court.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential Discovery Material must either return it—including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. Inadvertent failure to designate any Discovery Material as Confidential pursuant to this Stipulation and Order shall not constitute a waiver of any otherwise valid claims for protection, so long as such claim is asserted within thirty (30) business days of the discovery of the inadvertent failure.  At

such time, all mis-designated material (and any and all copies thereof) must be destroyed or returned immediately to the Producing Party.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

20. For purposes of this Stipulation and Order, the conclusion of this action shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

*/s/Edward y. Kroub*
*Counsel for Plaintiff, Moshe Geiger*

Dated: August 17, 2020

*/s/ Neil C. Scott*
*Counsel for Defendant, Experian Information Solutions, Inc.*

Dated: August 17, 2020

*/s/ Arjun P. Rao*
*Counsel for Defendant, Discover Bank*

Dated: August 17, 2020

SO ORDERED.

Dated: August 18, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any time.
The Court will retain jurisdiction over the terms and conditions of
this agreement only for the pendency of this litigation.  Any party
wishing to make redacted or sealed submissions shall comply with
Rule 6(A) of this Court's Individual Rules of Civil Procedure.